UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

UNITED STATES OF AMERICA,

vs.                                                    Case No.  4:21-CR-40070-1-KES

IBRAHIM, IBRAHIM NASR
        (Defendant).
_____/

### DEFENDANT IBRAHIM'S _____ ____MOTION FOR SENTENCE MODIFICATION
### PURSUANT TO 18 U.S.C SECTION 3582(c)(2).

The undersigned, Defendant Ibrahim Nasr Ibrahim ("Ibrahim"), respectfully moves this Court to grant his motion for sentence modification under 18 U.S.C Section 3582(c)(2). This motion should be granted due to  Untied States Sentencing Guideline ("USSG") amendments affecting Ibrahim's sentence, and other notable section 3553(a) factors would not be undermined by granting the sentencing modification.

I. Jurisdiction.

This court has jurisdiction under 18 U.S.C Section 3582(c)(2) to adjudicate this motion. the statute provides district courts with jurisdiction to modify a sentence "based on a sentencing range that subsequently been lowered by sentencing commission pursuant to 28 USC Section 994(o), upon the motion of the defendant ... the court may reduce the term of imprisonment ..." 18 USC Section 3582(c)(2).

On November 1, 2023, the sentencing commission ("SC") retroactively amended the U.S.S.G. lowering the guidelines. See U.S.S.G. Amendment 821. Thus, this court has jurisdiction to hear this court.

II. Retroactive Amendment to U.S.S.G. Reduces Ibrahim's Sentence.

The Amendment 821 to U.S.S.G. creates a whole new criminal history category - 0.previously the categories were classified as I - IV. This amendment provides for a two level reduction to the offense level for individual such as Ibrahim. To be eligible for the reduction, Ibrahim needs to, and does, meet the criteria listed in the new U.S.S.G. Section 4C1.1.

Ibrahim's sentence of 30 months of imprisonment began on November 15, 2022, and his release date as of now July 30th, 2024. In light of Amendment 821, evidence in the record, Ibrahim's eligibility, the court is requested to consider applying the two level reduction to his final sentence.

III. Sentencing factors 18 U.S.C. Section 3553(a) Warrant Compassion Release/ Sentence Modification.

When evaluating for sentence reduction under 18 U.S.C. Section 3582(c)(2), a court is to consider factors set forth in 18 U.S.C. Section 3582(c)(2), to the extent they are applicable. See 18 U.S.C. Section 3582(c)(2). Here, Ibrahim is not a danger to the community, there are other uniquely factors affecting Ibrahim's Sentence, and applying these consideration the Section 3553(a) factors would not undermined by granting the modification.

First, Ibrahim has worked on improving himself in custody. He has undertaken substantial educational and vocational opportunities to prepare for life beyond prison. He started a full time job in Maintenance department then UNICOR and now he is the orderly for the staff lounge displaying strong work ethics.

Second, BOP records reflect that Ibrahim received a minimal security designation and has no disciplinary action since his incarceration. However, due to his immigration status and unlike U.S. citizens Ibrahim has been intentionally placed substantially outside 500-mile radius of his residence. See 18 U.S.C. Section 3621(b). Such intentionally discriminatory application of the statute prohibits Ibrahim to maintain familial relationships aiding in the rehabilitation process.

Also, Due to his immigration status, Ibrahim, unlike other U.S. citizens, is placed in a higher security facility. See BOP policy statement P5100.08. This placement is more harsh and constrains liberty when compared to minimum security facility.

Third, Ibrahim was convicted of a non-violent offense and does not pose a danger to anyone or the community under the relevant considerations of 18 U.S.C Section 3142(g). Based on such determination this Court granted him a reduction under a motion for FED.R.Crim.P.35. Also, because this Court found Ibrahim not a danger to society, the Court allowed him to self-surrender after sentencing, to which Ibrahim religiously compiled.

Fourth, upon release and if not deported, Ibrahim will be living with his wife and their two children at their house in Worthing, South Dakota. He plans to hire drivers to drive his transportation business to haul scrap metal from Hartford, South Dakota to Omaha, Nebraska. Also, he plans to hire labor for his pavement repair business to service his existing contract which have been shuttered due to Ibrahim's incarceration. In short, Ibrahim will be a productive member of the society, produce jobs, and support his family in these dire times.

Fifth and lastly, Ibrahim will undergo mandatory ICE detention due to his immigration statues. See U.S.C. Section

1226(b). Here, Ibrahim will face additional incarceration beyond the sentence imposed than a similarly situated U.S. citizen.

These facts support the facts laid out in 18 U.S.C. Section 3553(a) advocating a grant of sentence reduction.

IV. Conclusion.

For the reasons stated above, Ibrahim prays this court grants this motion, and any other remedy it may deem just and proper.

Dated : December 19th, 2023.

Respectfully Summitted,

/s/

Ibrahim Nasr Ibrahim

USM# 46867-509

LSCI Allenwood,

P.O. Box 1000,

White Deer, PA 17887

DECLARATION AND CERTIFICATE OF SERVICE AND CONFERENCE

The undersign declare under the penalty of perjury that the foregoing is true and correct. The undersign states that no conference can be had with opposing party due to impracticability. The undersign also certifies that one December 19th, 2023,a true and correct copy of the forgoing was mailed to the court clerk via First class mail postage prepaid.

/s/ IBRAHIM NASR IBRAHIM.

INMATE NAME/NUMBER: Ibrahim Ibrahim 46861-5??

FEDERAL CORRECTIONAL COMPLEX-ALLENWOOD Low

P.O. BOX 1000

WHITE DEER, PA 17887

HARRISBURG PA   171

20 DEC 2023  PM 1  L



Federal Clerk of Court
400 S philips ave,
Sioux Falls, SD
57104

57104-684899

X-RAYED BY
SOUTH DAKOTA
CSO